IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS LEGASPY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20 C 4700 ) |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., a Delaware not-for-profit corporation, | ) Judge Joan H. Lefkow ) ) ) |
| Defendant. | ) ) |

## ORDER

The motion to vacate (dkt. 26) is granted, and the motion for indicative ruling (dkt. 27) is denied as moot. The dismissal with prejudice (dkt. 24) is converted to a voluntary dismissal without prejudice. The civil case is terminated. See statement.[1]

## STATEMENT

Plaintiff Carlos Legaspy sued defendant Financial Industry Regulatory Authority, Inc. ("FINRA") to enjoin a remote arbitration hearing. The court denied the motion for preliminary injunction. (Dkt. 14.) Legaspy appealed, and the Seventh Circuit denied his emergency motion for a temporary restraining order and preliminary injunction. (Dkt. 21.) The remote arbitration hearing is now underway. (Dkt. 23.) Because he could no longer enjoin the remote arbitration hearing, Legaspy filed a motion to voluntarily dismiss this action with prejudice as moot, which the court granted. (Dkts. 23–24.)

Legaspy now believes that the matter is not moot and moves to vacate the voluntary dismissal under Federal Rule of Civil Procedure 60. (Dkt. 26.) Because the appeal is still pending, he requests an indicative ruling under Rule 62.1 that the court likely would grant the motion to vacate. (Dkt. 27.)

The court first considers its authority over the motion to vacate. Rule 62.1 permits the court to indicate that it would grant a motion that it lacks authority to grant because of a pending appeal. Fed. R. Civ. P. 62.1(a)(3). It applies only to "relief that the court lacks authority to grant because of an appeal . . . ." Fed. R. Civ. P. 62.1(a) An interlocutory appeal does not divest the district court of all jurisdiction. *Shevlin* v. *Schewe*, 809 F.2d 447, 450–51 (7th Cir. 1987). "[W]here an appeal is taken from a judgment which does not finally determine the entire action,

---

[1] As explained in an earlier order, this court has jurisdiction under 28 U.S.C. § 1332, but venue likely does not lie in this district. (Dkt. 14 at 1 n.1.) This court's jurisdiction pending appeal is discussed below.

the appeal does not prevent the district court from proceeding with matters not involved in the appeal. Thus an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." *Id.* at 451 (quoting 9 Moore's Federal Practice ¶ 203.11 (2d ed. 1986)). This court also "retains the authority to dismiss the case as settled, thereby bringing to an end any pending interlocutory appeal." *Id.* at 450–51.

Under these principles, an indicative ruling is unnecessary because the court has "authority to grant" the motion to vacate. A plaintiff's voluntary dismissal, like a dismissal following a settlement, is "not involved in the appeal" of the denial of a preliminary injunction motion. In both instances, the court terminates what remains of the case on the litigant's initiative and thereby does not address any matters taken up on appeal. Furthermore, because the court has jurisdiction to accept a voluntary dismissal, it also has jurisdiction to vacate a voluntary dismissal without affecting the portion of the case currently pending on appeal. An indicative ruling under Rule 62.1 is therefore unnecessary.

Rule 60 provides, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). Legaspy argues that counsel asked that the matter be dismissed "with prejudice" instead of "without prejudice" based on the mistaken assessment that the matter was moot. Legaspy does not explain why the case is not moot; he merely reports that his counsel has privately reassessed and concluded that the case is not moot. The brief contains no legal authority on mootness. And it appears to the court that the matter is, in fact, moot, because the only relief Legaspy sought in the original complaint was to enjoin an arbitration hearing that has already begun after his motion for preliminary injunction was denied.

Regardless, even if the complaint as currently formulated is moot, there are other forms of relief not sought in this complaint that are not moot but could be barred by a dismissal with prejudice. Legaspy could have filed a new complaint for damages had his counsel not chosen to seek dismissal with prejudice. Dismissing the case "with prejudice" was therefore a "mistake" that calls for relief on "just terms." Under Rule 60(b)(1), the court converts the dismissal with prejudice to a dismissal without prejudice under Rule 41(a)(1)(A)(i).

Date: September 17, 2020

_____
U.S. District Judge Joan H. Lefkow

2